Lowell v. Shaw.

HARRISON LOWELL *vs.* ROBERT SHAW & al. *Adm'rs.*

Under the statute for the support and regulation of mills, *stat.* 1821, c. 45, the owner of the dam at the time when the yearly damage by flowing becomes due is liable to pay it for the whole of that year.

And the mortgagee in possession for this purpose must be regarded as the owner.

FROM the statement of facts on which the case was submitted for decision, it appeared, that the action was debt on a judgment in favor of *Sylvanus Lowell*, whose title to the land, *Sept.* 1, 1831, was, and now is, in the plaintiff, recovered against *Seth Spring*, in *September*, 1814. The judgment was founded on a complaint for flowing lands, under the act entitled, " an act for the support and regulation of mills," *stat.* of 1821, c. 45, wherein the yearly damages sustained by the complainant were estimated at the sum of fifty-five dollars, and which sum has not since been altered. *Seth Spring* conveyed to *John Spring*, who before *Sept.* 1, 1831, conveyed the same in mortgage to the defendants' intestate, who, on the 5th of *July*, 1832, by virtue of a writ of possession issued upon a judgment on that mortgage, entered into the possession of

the same, and have since retained the possession thereof. Before that day, the owner of the equity of redemption had the possession. The commencement of the year for which the annual damages were to be paid was *Sept.* 12. If the plaintiff is entitled to recover damages for the whole year ending *Sept.* 12, 1832, or any part thereof, the defendants are to be defaulted for the amount and interest; otherwise the plaintiff is to become nonsuit.

*J. Shepley,* for the plaintiff.

The only question is, whether the mortgagee, who entered into actual possession under the mortgage, before the expiration of the year for which damage is to be paid, is liable to pay for the year.

By the terms of the statute of flowing, there is to be but one action for the damages for one year. The owner cannot maintain an action until the end of the year, and has not the right to bring as many suits, as there were occupants. Whoever chooses to enter into the actual occupation of the land, subject to pay damage, and holds it at the end of the year, is subject to pay the yearly damages for that year. This liability exists, with much less reason for it, in case of leases. 2 *Cruise's Dig.* 114, § 14; 1 *Cov. & R. Powell on Mort.,* 181, *note L;* 7 *East,* 335; 2 *Car. & P.* 370; 2 *Pick.* 267; 12 *Johns. R.* 165; 13 *ib.* 94; 19 *ib.* 337; 4 *Kent's Com.* 473.

*W. P. Haines,* for the defendants, submitted without argument.

After a continuance for advisement, the opinion of the Court was drawn up by

SHEPLEY J. — By the provisions of the *stat. ch.* 45, § 4, there is to be an "appraisement of the yearly damage done to the complainant by so flowing his lands;" and a return is also to be made of "what portion of the year the said lands ought not to be flowed." The judgment rendered upon these proceedings, is to "be the measure of the yearly damages," until the owner or occupant shall by a new process vacate such judgment; and an action of debt upon the record is given to the party, or to his legal representatives, or assigns. The injury is to be compensated by a yearly damage, although the lands may be flowed only for a part of the year. The intention appears to have been, that the yearly damage should become attached to the estate of the mill-dam so as to make

any owner or occupant liable to pay it. It is a burthen upon the estate imposed by the law as a remuneration for the injury occasioned by it. Whoever becomes the owner must take the estate *cum onere,* and the owner of the land flowed will be entitled to call upon him to pay whatever may be due from the land, unless he has been guilty of laches in collecting of the former owner or occupant. The sum payable, is ascertained by a judgment for a definite amount, and is an entirety. There is nothing in the statute indicating, that a part of this entire judgment or sum may be recovered before the whole becomes payable. If the owner of the land should convey it before the expiration of the year, could he claim to have the annual sum apportioned, and to subject the owner of the dam to as many claims or suits as there might be owners of the land during the year? The ninth section provides for a tender " within one month after the past years damages shall have become due," thereby clearly indicating, that at a certain time the yearly damages become due.

Upon what principles could an apportionment be made upon time? `Could the person, who should be owner during that portion of the year, when the lands are not to be flowed, be chargeable? Or must the damage be apportioned upon those months and parts of months during which the land may be flowed? And upon what principles can an action be maintained for a part of a judgment, unless claimed as the whole amount which is due upon it? Any attempt at such an apportionment would be attended with serious difficulties and would be liable to the objection, that it would be giving other rights, and imposing other burdens than those contemplated by the statute.

By the common law a rent or annuity payable yearly or quarter yearly so long as the party receiving or the party paying should live could not be apportioned on time. Until the statute, 11 *Geo.* 2, *ch.* 19, *sec.* 15, otherwise provided, whatever might have accrued between one day of payment and another was lost. *William Clun's Case,* 10 *Coke,* 128; *Price* v. *Williams, Cro. Eliz.* 380; *Hawkins* v. *Kelley,* 8 *Ves.* 307. In *Clun's* case, it is said, " if tenant for life makes a lease for years rendering rent at the feast of *Easter,* and the lessee occupies for three quarters of a year, and in the last quarter before the feast of *Easter,* the tenant for life dies,

here shall be no apportionment of the rent for three quarters of the year, because no rent was due till the feast of *Easter*, and no apportionment shall be in respect of time." So where the tenant for life died during the year and before the land tax, quitrents, and other annual charges upon the land became payable, it was decided, that the whole must be borne by the remainder-man, and that he could claim no contribution in equity from the estate of the tenant for life. *Sutton* v. *Chaplin*, 10 *Ves.* 66. The assignee of the lessee is not liable for any rent, which has not become due before he has assigned to others. *Paul* v. *Nurse*, 8 *B. & C.* 486. In annuity for a pension issuing out of a church, it was resolved, " that it lay against the incumbent as well for the arrearages due in the time of his predecessor as in his own time, for the church itself is charged in whosoever's hand it comes." *Trinity College* v. *Tunstal, Cro. Eliz.* 810.

Whether guided by cases in some degree analogous, or by the provisions of the statute, the conclusion is, that the owner of the dam at the time when the yearly damage becomes due is liable to pay it. A mortgagee in possession must be regarded as the owner. According to the agreement, defendants are to be defaulted.